UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY M. H.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:24-CV-5427-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I.    BACKGROUND**

Plaintiff filed an application for DIB on July 7, 2021. Dkt. 5, Administrative Record (AR) 34. His amended alleged date of disability onset is January 1, 2023. *Id.* His requested hearing

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

was held before an Administrative Law Judge (ALJ) on July 13, 2023. AR 50–88. On September 20, 2023, the ALJ issued a written decision finding Plaintiff not disabled. AR 31–49. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 16–21. On June 4, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

In his opening brief, Plaintiff argues the ALJ failed to properly evaluate the medical opinion of Sharon Benson, NP, and that his hearing and hearing transcript were deficient for several reasons. *See generally* Dkt. 7.

**A.   Medical Opinion of Ms. Benson**

Under the 2017 regulations applicable here, an ALJ considers all medical opinions and prior administrative findings in the record without giving any deference or specific evidentiary weight to any of them. 20 C.F.R. § 404.1520c(a). The ALJ must explain how she considered the persuasiveness of each opinion using, at a minimum, the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 404.1520c(c)(1)–(2). The ALJ may also consider other factors, such as treatment relationship, specialization, familiarity with the evidence in the claim, and an understanding of the Commissioner's policies. *See* 20 C.F.R. §§ 404.1520c(b)(2),

404.1520c(3)–(5). The persuasiveness determination must be supported by substantial evidence. *Woods v. Kijikazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Ms. Benson submitted an opinion in July 2023 based on a review of the record. *See* AR 1028–32. She opined Plaintiff would be limited to standing for, at most, two hours in an eight-hour workday. AR 1028. After summarizing much of the medical evidence, she explained:

> Pain is described across [Plaintiff's] low back that extends down buttocks [bilaterally] and right leg. Imaging confirmed multilevel degenerative changes of the lumbar spine most advanced at L3-L4 and L4-L5 and severe spinal canal and moderate to severe bilateral neural foraminal stenosis as well as multilevel degenerative changes of the thoracic spine without spinal canal stenosis. He has had epidural steroid injection and surgical procedure L5-S1 right paramedian interlaminar ESI for pain management. The claimant is noted to have decrease ROM on exam. The claimant also complains of chronic neck pain with tingling and numbness going from arms to fingertips. Pain worsens with ROM. He has had nerve blocks for pain management. MRI cervical spine revealed multilevel degenerative disc disease and advanced facet osteoarthritis, moderate left asymmetric spinal canal stenosis at C6-C7, severe multifocal foraminal stenosis. Due to cervical and lumbar spinal stenosis, the claimant requires limitations in standing in the work place as indicated above to prevent injury and decline in health.

AR 1032.

The ALJ found the opinion unpersuasive. With respect to supportability, the ALJ said "the stand/walk limitation is unsupported because Ms. Benson notes that the claimant only had decreased range of motion on exam, and based the rest of the claimant's limitations on subjective chronic pain[.]" AR 41. Ms. Benson's opinion, however, noted abnormal findings far beyond range of motion. She noted imaging which confirmed degenerative spinal changes and spinal stenosis and an MRI confirming degenerative disc disease, osteoarthritis, and stenosis. *See* AR 1032. She described findings from twenty-nine medical appointments, including surgical interventions, diagnoses, and several imaging studies. *See* AR 1028–32. Her conclusion rested not just on Plaintiff's complaints of pain, but what she assessed was necessary "to prevent injury and decline in health" given this objective evidence. AR 1032. The ALJ's finding that her

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

1  opinion was based only on Plaintiff's reduced range of motion and subjective complaints is not
2  supported by substantial evidence.
3      With respect to consistency, the ALJ said Ms. Benson's "findings are inconsistent with
4  the record, which shows that aside from decreased range of motion and mild tenderness in his
5  lumbar and cervical spine, he had normal motor strength in his bilateral upper and lower
6  extremities[.]" AR 41 (citations omitted). Findings of "normal motor strength," however, are not
7  necessarily inconsistent with Ms. Benson's opinion. Motor strength testing occurs within the
8  limited context of brief examinations, so the Court cannot discern how such testing is probative
9  as to the length of time in which Plaintiff can stand. Indeed, such evidence goes to weakness, not
10 endurance. *See Muscle Strength Grading*, Usker Naqvi & Andrew L. Sherman (updated Aug.
11 2023) https://www.ncbi.nlm.nih.gov/books/NBK436008/ ("Muscle strength testing . . . is used to
12 evaluate weakness and can be effective in differentiating true weakness from imbalance or poor
13 endurance. It may be referred to as motor testing . . . .").
14     Moreover, even if the motor strength testing was probative as to Plaintiff's present
15 abilities to sustain pressure on his lower extremities, this does not mean a standing and walking
16 limitation would be unnecessary "to prevent injury and decline in health" as Ms. Benson opined
17 (AR 1032). Without further explanation as to how this evidence undermined Ms. Benson's
18 opinion, ALJ's consistency determination was not supported by substantial evidence. *Brown-*
19 *Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (ALJ must "set forth the reasoning behind
20 her decision[] in a way that allows for meaningful review"); *Alexander M. v. Comm'r of Soc.*
21 *Sec.*, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) (ALJ erred by failing to explain
22 "why he considered the normal results more significant" than abnormal results supporting
23 opinion).
24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

Finally, the ALJ discounted the opinion because Ms. Benson had not looked at the entirety of the claim and was not trained in Commissioner's policies:

> These findings are unsupported because Ms. Benson summarized the medical evidence in the file, but did not look at the entire record and history of the claimant's impairments. Additionally, Ms. Benson made a finding based on reviewing the record and is not trained in Social Security policy findings with no training in Social Security requirements.

AR 41. These are "other factors" which the ALJ may consider in addition to supportability and consistency. *See* 20 C.F.R. § 404.1520c(c)(5). But supportability and consistency "are the most important factors" considered, and the ALJ is required to explain how she assessed the opinions under those factors. 20 C.F.R. § 404.1520c(b)(2). For this reason, in the absence of a proper consideration of supportability and consistency, the ALJ's determination with respect to Ms. Benson's medical opinion does not remain legally valid and supported by substantial evidence. The ALJ's erroneous evaluation of those factors is therefore reversible error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (ALJ's ultimate decision not supported by substantial evidence if relied upon VE testimony based on incomplete hypothetical).

**B.      Hearing Transcript**

Plaintiff contends his hearing was deficient because, he says, neither he nor the VE were required to take an oath to tell the truth in their testimony. Dkt. 7 at 10–12. However, Plaintiff forfeited this argument by failing to raise it at the agency level. *See White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022) ("failure to raise an issue 'at both [the] hearing before the ALJ and the Appeals Council' constitutes forfeiture") (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.

1999)); AR 34 ("No objections were raised regarding the manner of the hearing, nor were any objections raised regarding the contents or timeliness of the notice of hearing."); AR 323–34 (Appeals Council brief raising step four challenge only).

Plaintiff also argues that the hearing transcript is deficient because it mistakenly states he "appeared in person." *Id.* at 10. However, he has not established this apparent scrivener's error was prejudicial. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). Any error has no apparent bearing upon the ALJ's ultimate decision, which acknowledged Plaintiff's telephonic appearance. *See* AR 34 ("All participants attended the hearing by telephone . . . .").

### IV.  IV CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 5th day of December, 2024.

David W. Christel
United States Magistrate Judge